UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Civil Action No. __3:21-cv-00456__

NICOLE L. HOUSTON,

    Plaintiff,

v.

ENHANCED RECOVERY COMPANY, LLC

    Defendant,

_____/

## COMPLAINT

**NOW COMES** NICOLE L. HOUSTON ("Plaintiff"), by and through her undersigned counsel, complaining of ENHANCED RECOVERY COMPANY, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

### PARTIES

4. Plaintiff is a natural persons over 18-years-of-age who, at all times relevant, resided and was domiciled in Nevada.

5. Plaintiffs is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. ENHANCED RECOVERY COMPANY, LLC ("Defendant") maintains its

1

principal place of business at 8014 Bayberry, Jacksonville, Florida 32256.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8. In or around March 2021, Plaintiff noticed that Defendant was reporting a debt allegedly owed to AT&T on her credit report.

9. Plaintiff then placed a phone call to Defendant to determine why this debt was reporting on her credit report.

10. Upon speaking with Defendant's representative, Plaintiff was informed that it was seeking to collect on a debt allegedly owed to AT&T.

11. During this conversation, Plaintiff notified Defendant that she paid the debt that was owed to AT&T approximately two years ago.

12. Defendant stated that the debt to which Plaintiff was referring was, in fact, paid off; however, Defendant advised that it was attempting to collect on a different debt owed to AT&T in the amount of $475 ("alleged debt").

13. Plaintiff advised Defendant that she had never had a second AT&T account so she was not sure why this was reporting on her credit report.

14. Plaintiff inquired as to why she had not received any information regarding the alleged debt in the mail, to which Defendant replied it had mailed a letter to an address in New York.

15. Plaintiff immediately informed Defendant that she does not, nor has she ever resided in New York.

16. Plaintiff requested that her information be removed and Defendant stop reporting on her credit report.

17. Concerned that Defendant was reporting a debt that did not belong to her, Plaintiff placed a phone call to AT&T.

18. Upon speaking with AT&T, Plaintiff was informed that there was no outstanding debt under Plaintiff's name and believed that it could be an internal mix-up.

19. Plaintiff requested validation information from Defendant regarding the alleged debt and has no received that information as of this time.

20. Additionally, Defendant stated that a manager would call Plaintiff to follow up on her matter.

21. To date, Plaintiff has not received a call back from Defendant.

22. Concerned with Defendant's false credit reporting, Plaintiff was forced to expend time and energy to retain counsel as a result of Defendant's conduct.

23. In short, Plaintiff's statutorily guaranteed rights were violated under the FDCPA and Plaintiff suffered damage of false information being reported to her credit report.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Plaintiff restates and realleges the previous paragraphs as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The alleged debt is a "debt" as defined by FDCPA §1692a(5) because it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects

debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**Violations of FDCPA §§1692f and 1692e**

28. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff by reporting the alleged debt to her credit report.

30. Defendant unfairly and unconscionably attempted to coerce Plaintiff into paying a debt that does not belong to her by failing to remove the alleged debt from her credit report despite the fact that it was contacting the wrong person and after Plaintiff had informed it that the alleged debt did not belong to her.

31. Further, Defendant unfairly and unconscionably failed to provide Plaintiff with the validation information that she requested and failed to have a manager call Plaintiff to discuss the mix-up.

32. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

33. Defendant violated §1692e by falsely representing, through implication, that Plaintiff was liable for the alleged debt when it failed to remove the alleged debt from her credit report even after it obtained knowledge that the alleged debt did not belong to Plaintiff.

34. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE** Plaintiff, NICOLE C. HOUSTON, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 27, 2021

Respectfully submitted,

NICOLE L. HOUSTON

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com